UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| YELINA GORA, | ) | CASE NO. 1:24-cv-495 |
| Plaintiff, | ) | |
| | ) | JUDGE BRIDGET MEEHAN BRENNAN |
| v. | ) | |
| | ) | |
| CUYAHOGA COUNTY CHILDREN | ) | **MEMORANDUM OPINION** |
| AND FAMILY SERVICES, et al., | ) | **AND ORDER** |
| | ) | |
| Defendants. | ) | |

*Pro se* Plaintiff Yelina Gora filed this civil rights action under 42 U.S.C. § 1983 against the Cuyahoga County Department of Children and Family Services ("DCFS"), Social Worker Kirsten Schron, and the United States Attorney for the Northern District of Ohio. (Doc. No. 1.) She claims that the Defendants violated her Fourth and Fourteenth Amendment rights when DCFS sought and obtained temporary custody of her child. She seeks monetary damages. Plaintiff also filed a Motion to Proceed *In Forma Pauperis*. (Doc. No. 2).

In addition to the Complaint and Motion to Proceed *In Forma Pauperis*, Plaintiff filed a motion to compel production of documents. (Doc. No. 3.) The motion to compel seeks documents from DCFS relating to Plaintiff's case file.

**I.    Background**

Plaintiff's Complaint is brief and does not contain many factual allegations. The factual allegations that are included are not all that clear. Plaintiff indicates that her child was removed from her custody at the Cleveland Clinic Fairview Hospital on July 3, 2022 by DCFS. (Doc. No. 1, PageID #4.) She does not indicate whether she or the child was the patient or why they came to be at the hospital. She contends that hospital staff informed her that upon discharge, she

would not be able to leave with her child due to a court order. (*Id.*) Plaintiff alleges that social worker Kirsten Schron obtained a "fake" *ex parte* court order to remove Plaintiff's child from her custody through a telephone call with Cuyahoga County Juvenile Court Magistrate Caitlin Monter which occurred on July 3, 2022. (*Id.*) Schron allegedly obtained the court order because Schron testified that Plaintiff had mental health issues. (*Id.*) Plaintiff then alleges she later learned that Magistrate Judge Monter was not "involved in this matter." (*Id.*) It is unclear whether Plaintiff is alleging that Magistrate Judge Monter was not assigned to the case, whether Magistrate Judge Monter did not authorize the removal, or whether Schron created a false court order. Plaintiff suggests that a hearing took place on July 5, 2022, at which time Schron testified that Plaintiff had mental health issues. (*Id.*) Plaintiff claims she was reunited with her child in September 2023. (*Id.*) Plaintiff claims that, after she was reunited with her child and her case with DCFS was closed, a social worker from DCFS texted her in March 2024 asking to arrange a visit to check the child's welfare. (*Id.*)

From these allegations, Plaintiff asserts a claim under 42 U.S.C. § 1983 for violations of her Fourth and Fourteenth Amendment rights.

II.     **Analysis**

Although *pro se* pleadings are liberally construed, *Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (per curiam); *Haines v. Kerner*, 404 U.S. 519, 520 (1972), the Court is required to dismiss an *in forma pauperis* action under 28 U.S.C. §1915(e) if it fails to state a claim upon which relief can be granted, or if it lacks an arguable basis in law or fact. *Neitzke v. Williams*, 490 U.S. 319 (1989); *Lawler v. Marshall*, 898 F.2d 1196 (6th Cir. 1990); *Sistrunk v. City of Strongsville*, 99 F.3d 194, 197 (6th Cir. 1996). A claim lacks an arguable basis in law or fact when it is premised on an indisputably meritless legal theory or when the factual contentions are

clearly baseless. *Neitzke*, 490 U.S. at 327.

A cause of action fails to state a claim upon which relief may be granted when it lacks "plausibility in the Complaint." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 564 (2007). A pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 677–78 (2009). The factual allegations in the pleading must be sufficient to raise the right to relief above the speculative level on the assumption that all the allegations in the complaint are true. *Bell Atl. Corp.*, 550 U.S. at 555. The Plaintiff is not required to include detailed factual allegations, but must provide more than "an unadorned, the-Defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678. A pleading that offers legal conclusions or a simple recitation of the elements of a cause of action will not meet this pleading standard. *Id*. In reviewing a complaint, the Court must construe the pleading in the light most favorable to the Plaintiff. *Bibbo v. Dean Witter Reynolds, Inc.*, 151 F.3d 559, 561 (6th Cir.1998).

A. **Claims Against the United States Attorney**

Plaintiff's Complaint does not include any allegations or claims against the United States Attorney. Indeed, there is no indication of how the United States Attorney may have been involved in a purely state court proceeding. Plaintiff cannot establish the liability of a defendant "absent a clear showing that the defendant was personally involved in the activities which form the basis of the alleged unconstitutional behavior." *Mullins v. Hainesworth*, 66 F.3d 326 (6th Cir. 1995) (unpublished table decision) (citing *Rizzo v. Goode*, 423 U.S. 362, 371 (1976)). The Complaint simply contains no facts which reasonably associate this Defendant to any of the claims set forth by Plaintiff. Plaintiff failed to state a plausible claim against the United States Attorney for the Northern District of Ohio.

B. **Claims Against the DCFS**

Plaintiff also fails to state a claim upon which relief may be granted against DCFS. Section 1983 does not permit a Plaintiff to sue a local government entity on the theory of *respondeat superior*. *Monell v. New York City Dep't of Soc. Servs.*, 436 U.S. 658, 692–94 (1978). A Plaintiff may only hold a local government entity liable under § 1983 for the entity's own wrongdoing. *Id.* A local government entity violates § 1983 where its official policy or custom actually serves to deprive an individual of his or her constitutional rights. *Id.* at 694. A "municipal policy" includes "a policy statement, ordinance, regulation, or decision officially adopted and promulgated." *Powers v. Hamilton Cnty. Pub. Def. Comm'n*, 501 F.3d 592, 607 (6th Cir. 2007) (quoting *Monell*, 436 U.S. at 690). A "custom" for purposes of *Monell* liability must "be so permanent and well settled as to constitute a custom or usage with the force of law." *Monell*, 436 U.S. at 691. It must reflect a course of action deliberately chosen from among various alternatives. *City of Oklahoma v. Tuttle*, 471 U.S. 808, 823 (1985). In short, a "custom" is a legal institution not memorialized by written law. *Feliciano v. City of Cleveland*, 988 F.2d 649, 655 (6th Cir. 1993). To state a claim for relief against a municipality under § 1983, Plaintiff must: "(1) identify the municipal policy or custom, (2) connect the policy to the municipality, and (3) show that her particular injury was incurred due to execution of that policy." *Alkire v. Irving*, 330 F.3d 802, 815 (6th Cir. 2003) (citing *Garner v. Memphis Police Dep't*, 8 F.3d 358, 363 (6th Cir.1993)). Here, Plaintiff does not include any allegations that pertain to a policy or custom of DCFS. Plaintiff failed to state a plausible claim against DCFS.

C. **Claims Against Kirsten Schron**

Plaintiff asserts that social worker Kirsten Schron violated her Fourth and Fourteenth Amendment rights. The interest of parents in the care, custody, and control of their children is a

fundamental liberty interest recognized by the Supreme Court of the United States. *Troxel v. Granville*, 530 U.S. 57, 65 (2000) (plurality opinion)). For parents, the right to familial association is generally grounded in the Fourteenth Amendment's Due Process Clause, while claims brought by the children are evaluated under the more specific Fourth Amendment right to be free from unreasonable seizures. *David v. Kaulukukui*, 38 F.4th 792, 799 (9th Cir. 2022). Because Plaintiff only brings claims for herself, and not on behalf of her child, Plaintiff lacks standing to bring a Fourth Amendment claim. *See Stephens v. Hamilton Cnty. Jobs and Fam. Servs.*, 46 F. Supp. 3d 754, 764 (S.D. Ohio 2014) ("A Fourth Amendment child-seizure claim belongs only to the child, not to the parent, although a parent has standing to assert it on the child's behalf.") (quotation and citation omitted). Accordingly, the Court will only address Plaintiff's claim under the Fourteenth Amendment Due Process Clause.

The Due Process Clause has a procedural component and a substantive one. *Howard v. Grinage*, 82 F.3d 1343, 1349 (6th Cir. 1996). The two components are distinct from each other because each has different objectives, and each imposes different constitutional limitations on government power. (*Id.*) Procedural due process simply requires that the government provide "due process" before making such a decision. *Id.* at 1349–53. The goal is to minimize the risk of erroneous deprivation, to assure fairness in the decision-making process, and to assure that the individual affected has a participatory role in the process. *Id*. Procedural due process requires that an individual be given the opportunity to be heard "in a meaningful manner." *See Loudermill v. Cleveland Bd. of Educ.*, 721 F.2d 550, 563 (6th Cir. 1983). With procedural due process claims, a court does not consider the egregiousness of the deprivation itself, but only questions whether the process accorded to the deprivation was constitutionally sufficient. *Howard*, 82 F.3d at 1350. Although the existence of a protected liberty or property interest is the

threshold determination, the focus of this inquiry centers on the process provided, rather than on the nature of the right. (*Id.*)

Substantive due process, on the other hand, serves the goal of preventing "governmental power from being used for purposes of oppression," regardless of the fairness of the procedures used. *See Daniels v. Williams*, 474 U.S. 327, 331 (1986). Substantive due process as a check on legislation that infringes on fundamental rights otherwise not explicitly protected by the Bill of Rights; or as a check on official misconduct which infringes on a "fundamental right;" or as a limitation on official misconduct, which although not infringing on a fundamental right, is so literally "shocking to the conscious," as to rise to the level of a constitutional violation. *Howard*, 82 F.3d at 1349. The government may not deprive individuals of fundamental rights "unless the action is necessary and animated by a compelling purpose." *Bartell v. Lohiser*, 215 F.3d 550, 557–58 (6th Cir. 2000) (citing *Washington v. Glucksberg*, 521 U.S. 702, 721 (1997)).

In this case, Plaintiff alleges that Schron provided a "fake court order[]" to the hospital on July 3, 2022 for purposes of taking the child into the custody of the Cuyahoga County Division of Children & Family Services. (Doc. No. 1, PageID #5.) While Plaintiff's Complaint is unclear on what happened next, it appears that on July 5, 2022, Schron allegedly testified in a proceeding where she stated that Plaintiff's child was removed from Plaintiff' custody on July 3 pursuant to an *ex parte* order from Magistrate Judge Caitlin Monter. (*Id.*) Plaintiff alleges that upon further investigation, Magistrate Judge Monter was "not at all involved in this matter." (*Id.*)

To state a claim for denial of procedural due process, Plaintiff must sufficiently allege she was deprived of a protected liberty or property interest without adequate procedural safeguards. *Lipman v. Budish*, 974 F.3d 726, 751 (6th Cir. 2020). Specifically, Plaintiff must allege facts that suggest that Schron, "through [her] individual actions, violated the

Constitution." *Iqbal*, 556 U.S. at 663. Ohio law specifically allows for such an *ex parte* custody proceeding provided that a contested hearing that includes notice and an opportunity to be heard occurs within 72 hours after the *ex parte* order is issued. R.C. 2151.33; *see also Young v. Vega*, 574 F. App'x 684, 686, 692 (6th Cir. 2014) (likening "*ex parte* orders taking emergency temporary custody of children pending a preliminary hearing" to a judicially approved arrest warrant). Although Plaintiff's Complaint is not altogether clear, that appears to be what happened here. She indicates that she was told by hospital staff that she could not leave with her child due to a court order. (Doc. No. 1, PageID #5.) She does not indicate who obtained the court order. (*Id.*) She alleges that Schron took custody of the child. (*Id.*) Plaintiff states she was told Magistrate Judge Monter issued the *ex parte* Order over the telephone. (*Id.*) She then alleges that Magistrate Judge Monter was not involved in the case. (*Id.*) It is not clear whether Magistrate Judge Monter was the miscellaneous duty judge on-call for emergencies over the holiday weekend,[1] or whether another judge had in fact issued the order. In any event, Plaintiff indicates that on July 5, 2022, Schron testified that Plaintiff had mental health issues, which would suggest Plaintiff was given a hearing as soon as practical after the holiday. While the result of the July 5, 2022 hearing is not known at this time, given that Plaintiff was reunited with her child in September 2023, more than a year later, presumably the July 5 hearing (and any subsequent hearings) resolved any issues relating to the custody of the child. Accordingly, Plaintiff has not alleged facts suggesting Schron took any actions which denied her procedural due process.

Substantive due process claims may be loosely divided into two categories: (1) deprivations of a fundamental right not specified in the Bill of Rights; and (2) actions that are so

---

[1] July 3, 2022 was a Sunday. Monday July 4, 2022 was the National Independence Day holiday.

egregious that they "shock the conscience." *Pusey v. City of Youngstown*, 11 F.3d 652, 656 (6th Cir. 1993); *Eidson v. State of Tennessee Dep't of Child.'s Servs.*, 510 F.3d 631, 635 (6th Cir. 2007) (internal quotation marks omitted). In either event, the Sixth Circuit has stated that "'a plaintiff must show as a predicate the deprivation of a liberty or property interest,' as well as 'conscience-shocking conduct.'" *Siefert v. Hamilton Cnty.*, 951 F.3d 753, 766 (6th Cir. 2020) (quoting *Guertin v. State*, 912 F.3d 907, 922 (6th Cir. 2019)). Plaintiff has a constitutionally protected interest in the "care, custody, and control of her children." *Troxel v. Granville*, 530 U.S. 57, 66 (2000). The government's interest in protecting children, however, is just as compelling as the parents' abstract fundamental liberty interest in family integrity. *Eidson*, 510 F.3d at 636; *Kottmyer v. Maas*, 436 F.3d 684, 690 (6th Cir. 2006). But to state a claim for denial of substantive due process, Plaintiff must plead sufficient facts to suggest that the Defendant's action were so overreaching and egregious that they "shock the conscience." *Cnty. of Sacramento v. Lewis*, 523 U.S. 833, 847 (1998) ("the substantive component of the Due Process Clause is violated by executive action only when it 'can properly be characterized as arbitrary, or conscience shocking, in a constitutional sense.'") (quoting *Collins v. Harker Heights*, 503 U.S. 115, 128 (1992)). Plaintiff does not allege any facts suggesting such behavior from Schron. She alleges only that Schron took emergency custody of her child pursuant to a court order. Plaintiff questioned the legitimacy of the court order stating that the magistrate had no involvement in the case, but Plaintiff was provided with a full hearing where she could contest the basis for the removal. In short, Plaintiff fails to plead any facts that rise to the level of shocking the conscious such that the deprivation of her fundamental right was improperly interfered with. Plaintiff's substantive due process claims are dismissed.

    **D.**    **The Motion to Compel**

Plaintiff filed a motion to compel production of documents relating to her case file held by DCFS. (Doc. No. 3.) Procedural deficiencies of the motion aside, because the Court dismisses Plaintiff's complaint, the motion to compel is moot. Therefore, the Court denies the motion to compel as moot.

**III.**    <u>**Conclusion**</u>

Plaintiff's Motion to Proceed *In Forma Pauperis* (Doc. No. 2) is granted. This action is dismissed pursuant to 28 U.S.C. §1915(e). The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith. The Court denies Plaintiffs motion to compel (Doc. No. 3) as moot.

    **IT IS SO ORDERED.**

**Date**: July 19, 2024

_____
BRIDGET MEEHAN BRENNAN
UNITED STATES DISTRICT JUDGE